IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE J. SYKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09−cv−0941−MJR−SCW |
| | ) |
| OLY OBADINA, SARAH FARISS, and NURSE HILL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

This civil rights action is brought pursuant to 42 U.S.C. § 1983 and based on claims that Defendants, a doctor and two nurses at Pinkneyville Correction Center, have been deliberately indifferent to Plaintiff Eddie Sykes' medical needs regarding his allegedly enlarged prostate and thus, violated his Eighth Amendment rights.[1]  Before the Court are two letters from Mr. Sykes.  The first is construed as a Motion to be transferred to an outside hospital (Doc. 27), and the second is construed as a Motion to reconsider Magistrate Judge Proud's December 3, 2010 Order denying one of Mr. Sykes many requests that the Court appoint counsel on his behalf (Doc. 30).

Because *pro se* pleadings are to be construed liberally, the Court has construed Mr. Sykes' first letter as a request to be transferred to an outside hospital.[2]  However, it is improper to lodge such an

---

[1] Mr. Sykes has a similar action pending before District Judge Gilbert for similar claims against members of Menard Correctional Center's medical staff, where he was previously incarcerated (*see* 08-179-JPG).  In that case, the Court denied at least four motions for appointment of counsel (*see* Doc. 41).

[2] In addition to requesting a transfer to a hospital because of his ongoing prostrate issues, in his first letter, Mr. Sykes also requests that the Court appoint an attorney, and he informs the Court that he was transferred

administrative request with a Court. "[F]ederal courts are most reluctant to interfere with the internal administration of state prisons because they are less qualified to do so than prison authorities." *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997). Courts do not sit as super-administrative boards reviewing the myriad day-to-day administrative decisions made by prison officials. This is not a proper role for courts, nor would it even be feasible in light of our expansive penal system. Mr. Sykes' request for a transfer (Doc. 27) is therefore **DENIED.**

Mr. Sykes second letter requests that this Court reconsider Judge Proud's earlier Order denying the appointment of counsel. Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Here, Judge Proud's Order denying the appointment of counsel was entered on December 3, 2010. Mr. Sykes did not file his letter, construed as a Motion for Reconsideration, until January 18, 2011. As such, Mr. Sykes' motion falls well outside of the 28-day deadline set by Rule 59(e), and the Court will analyze his motion for reconsideration under Rule 60(b) only.

In general, Rule 60 only lets courts "overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000); *accord Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) ("BM&F"), *quoting Reinsurance Co. of America Inc. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1277 (7th Cir. 1990) (Relief under Rule 60(b) "is an extraordinary remedy and is granted only in

---

back to Menard on October 20, 2010. Mr. Sykes' repeated requests for appointment of counsel have been previously dealt with and this Court, once again, will consider his request in its analysis below.

exceptional circumstances."). Rule 60(b) provides for relief for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). However, a belief that the Court was mistaken as a matter of law in dismissing the original motion does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)." *Swam v. United States*, 327 F.2d 431, 433 (7th Cir. 1964*), cert. denied*, 379 U.S. 852 (1964); *see also Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"). Finally, when deciding whether to grant relief under Rule 60(b), district courts have "great latitude … because that decision 'is discretion piled on discretion.'" *BM&F*, 570 F.3d at 848, *quoting Swaim v. Motan Co.*, 73 F.3d 711, 722 (7th Cir. 1996) (citations omitted).

Here, there is nothing in Mr. Sykes' motion to reconsider that rises to the level of "mistake, inadvertence, surprise, or excusable neglect" such that Rule 60(b) relief ought to be granted. Nor has Mr. Sykes directed the Court to any "special circumstance" warranting relief. Unfortunately, for Mr. Sykes, he does not offer any new substantive arguments or claims as to why Judge Proud's Order was incorrect. Indeed, Judge Proud noted that he had ample opportunity to assess Mr. Sykes' ability to present his case, and that based on the relevant case law, the appointment of counsel was not warranted here. It appears that Mr. Sykes' simply wants the newly assigned Magistrate Judge to weigh in on the issue. At this point, the Court is not persuaded that Mr. Sykes has adequately demonstrated the need for counsel to be appointed.[3] Therefore, Mr. Sykes Motion for Reconsideration (Doc. 30) is **DENIED.**

---

[3] In this letter, Mr. Sykes also questions whether he has to do his complaint over again, now that his action has been referred to a new Magistrate Judge. The short answer is no, that is not necessary.

Finally, the Court must address the fact that, while Defendants have been properly served, no Defendant has filed an answer or other appropriate response to Mr. Sykes' Complaint. Under the express terms of the Prison Litigation Reform Act, "[n]o relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1). In District Judge Reagan's June 2, 2010 Order referring this action to a Magistrate Judge for further pre-trial proceedings, he ordered Defendants to "timely file an appropriate responsive pleading to the Complaint" (*see* Doc. 14, p. 19). To date, Defendants have failed to do so. As such, the Clerk of Court is **DIRECTED** to mail a copy of this Order to each Defendant at the addresses listed on their Form USM-285 (Docs. 24-26). The Defendants are hereby **ORDERED** to file an appropriate responsive pleading to Mr. Sykes' complaint within thirty (30) days of the date of this Order; that is, **on or before Thursday, February 24, 2011.**

  **IT IS SO ORDERED**.

  DATED: January 25, 2011

                /s/ **Stephen C. Williams**
                 STEPHEN C. WILLIAMS
                 United States Magistrate Judge