IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE J. SYKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-cv-0941-MJR-SCW |
| | ) |
| OLY OBADINA, SARAH FARISS, and NURSE HILL, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is a Motion to Quash Service of Process filed by Defendant Olukunle Obadina, M.D. ("Dr. Obadina"; incorrectly named as "Oly Obadina").[1] In his Motion to Quash, Dr. Obadina argues that Plaintiff Eddie J. Sykes' ("Sykes") attempted service of him was defective because it did not comply with FEDERAL RULE OF CIVIL PROCEDURE 4(e). Specifically, Dr. Obadina claims that Sykes never served him personally but rather, service was made upon Charlene Whitley, Litigation Coordinator, at Pinckneyville Correctional Center ("Pinckneyville") (*see* Doc. 26). Dr. Obadina further alleges that he has been in Africa since January 2010 and thus, he was unavailable for personal service at Pinckneyville in August of 2010. To date, Sykes as not responded to Dr. Obadina's motion. Pursuant to SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 7.1(g), the

---

[1] As noted in his motion, Dr. Obadina has entered a special appearance solely for the limited purpose of contesting the adequacy of Plaintiff's service of process and in turn, this Court's jurisdiction over him.

Court considers Sykes' failure to respond as an admission of the merits of the motion.[2] However, even if Sykes had responded, for the following reasons, the motion would have been granted.

"[V]alid service of process is necessary in order to assert personal jurisdiction over a defendant." *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991), *citing Rabiolo v. Weinstein*, 357 F.2d 167 (7th Cir. 1966). When the sufficiency of service of process is contested, plaintiff ordinarily bears the burden of showing that service was proper. *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005), *citing Claus v.* Mize, 317 F.3d 725, 727 (7th Cir. 2003). As Dr. Obadina points out, here, Sykes never served him personally with the Summons and Complaint. Rather, service was made upon the Litigation Coordinator at Pinckneyville, Charlene Whitley (*see* Doc. 26). Service on such a third party, however, is insufficient unless a plaintiff demonstrates that the party was "specifically appointed as an agent to accept service of process." *Id.* Here, Sykes has made no such showing. Further, because Dr. Obadina apparently has been in Africa since January 2010, it is unlikely that Sykes could show either that Dr. Obadina was available to accept personal service or that he appointed someone to accept service on his behalf when service was first attempted in August of 2010.

Accordingly, the Court finds that Sykes attempted service of process in this action did not comply with FED. R. CIV. P. 4(e). It then follows that this Court lacks personal jurisdiction over Dr. Obadina. Therefore, Defendant Olukunle Obadina's Motion to Quash Service of Process (Doc.37) is hereby **GRANTED.**

---

[2] Local Rule 7.1(g) provides in relevant part: "A party opposing a motion … shall have **14** days after service of the motion to file a written response. Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

Pursuant to FED. R. CIV. P. 4(m), the Court extends the time for service of Defendant Obadina for 30 more days. By **Friday, April 29, 2011**, Plaintiff Sykes must either serve process on Defendant Obadina or provide additional information to the Court to locate this Defendant so that process may be served upon him. The undersigned Judge **RECOMMENDS** that, if after the expiration of 30 days Defendant Obadina is not served or located, Defendant Oly Obadina should be dismissed *without* prejudice from the action as described in FED. R. CIV. P. 4(m).

**IT IS SO ORDERED**.

DATED March 29, 2011.

/s/ **Stephen C. Williams**
STEPHEN C. WILLIAMS
United States Magistrate Judge