IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDDIE J. SYKES, )
)
        Plaintiff, )
)
vs. ) Case No. 09-cv-0941-MJR-SCW
)
SARAH FARISS and MARCIA HILL, )
)
        Defendants. )

# MEMORANDUM AND ORDER

REAGAN, District Judge:

      Plaintiff Eddie Sykes ("Sykes"), an inmate at the Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. Sykes filed his original complaint on November 9, 2009, against a total of 24 named Defendants, alleging numerous claims, including: deliberate indifference to his medical needs arising from an enlarged prostate and other ailments; improper conditions of confinement; denial of access to the courts and to the grievance process; and excessive force (Doc. 1). On June 2, 2010, the undersigned District Judge completed his initial screening of this case pursuant to 28 U.S.C. § 1915A, and dismissed with prejudice Sykes' medical claims against all of the Defendants *except* for Dr. Oly Obadina ("Obadina"), and Nurses Sarah Fariss (incorrectly named, so hereinafter referred to by her correct name, "Farris") and Marcia Hill ("Hill") (Doc. 14). This Court also dismissed with prejudice the following: (1) claims based on the conditions of his confinement against Defendant Redding; (2) claim of excessive force against Defendant Daniels; (3) claim regarding access to the courts; (4) claim related to the grievance process; (5) claim arising from his time in disciplinary segregation; and (6) nine Defendants who were only listed in the caption of Sykes' Complaint (*Id.*). On May 6, 2011, this Court dismissed Defendant Obadina from this action without prejudice for Sykes' failure serve process or provide additional information on the

whereabouts of this Defendant (Doc. 43).  In light of the foregoing, the only claims remaining in this action are the medical care claims against the only two remaining Defendants, Farris and Hill.

Now before the Court is a Motion to Dismiss Sykes' Complaint pursuant to FEDERAL RULES OF CIVIL PROCEDURE 8(d)(1), 10(b), 12(b)(6), 12(e), or, in the alternative, a Motion to Strike portions of Sykes' Complaint pursuant to 12(f), filed by Farris and Hill (Doc. 35).  Nurses Farris and Hill argue that Sykes' *pro se* Complaint—consisting of 46 hand-written pages and 82 pages of attachments—fails to comport with the pleading requirements set forth in the FEDERAL RULES OF CIVIL PROCEDURE.  Unfortunately, Defendants' motion fails to appreciate the unique idiosyncrasies of prisoner litigation and the current posture of the case.  So, for the reasons outlined briefly below, it must be **DENIED.**

First, it is important to note that courts must liberally construe *pro se* complaints. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Second, in the prisoner litigation context, the Court is guided by 28 U.S.C. § 1915A, which provides for an initial screening (also known as threshold review) of all prisoner complaints.  28 U.S.C. § 1915A(b) specifically states that "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint – (1) is frivolous, malicious, or *fails to state a claim on which relief may be granted …*" (emphasis added).  As such, if this Court finds that a claim survives threshold review, then it is implicitly finding that the prisoner has successfully stated a cognizable claim.  In turn, the Court will then determine whether the claim is one upon which relief may be granted based on an analysis similar to that under FED. R. CIV. P. 12(b)(6).

Here, in its June 2, 2010, threshold order, this Court noted that Sykes' 46-page handwritten complaint was not separated into specific counts - a common problem with *pro se* prisoner complaints (Doc. 14, p. 2).  The Court then went on to note that it would "discuss the nature of each claim and examine the allegations made against each defendant associated with that

claim" (*Id.*). In other words, the Court effectively organized and dealt with each of Sykes' cognizable claims. So, unlike the situation where a *pro se* litigant's complaint states no plausible claim for relief, *see, e.g., Pearson v. Village of Greenup*, Civil No. 09-cv-0699-MJR, 2009 WL 4789259 at *3 (S.D. Ill. Dec. 9, 2009), here, the Court already determined that Sykes adequately *pled* one claim of deliberate indifference to his medical needs arising from his enlarged prostate against Farris and Hill. Such a determination obviates motions such as the one now brought by Farris and Hill.

The bottom line is this: once the Court recognizes a claim in its threshold order, and the claim then survives threshold review, it will not be dismissed on the grounds that it is improperly pled or fails to state a claim upon which relief may be granted. That decision already has been made. While the Court expects all litigants to abide by the FEDERAL RULES OF CIVIL PROCEDURE, in the unique context of *pro se* prisoner litigation, by statute and based on case law, the Court must play a more active role in identifying and defining any cognizable claims. Once this is done, the Court expects the parties to litigate only the specifically defined remaining claims - as identified by the Court in its threshold order - as the case moves forward.

In light of the foregoing, the Court **DENIES** the motion to dismiss filed by Defendants Farris and Hill**.** A Scheduling Order will be entered in this action shortly.

IT IS SO ORDERED.

DATED July 13, 2011

s/Michael J. Reagan  
MICHAEL J. REAGAN  
United States District Judge